IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JARET STEVEN GROSE | : | CIVIL ACTION |
| [GY-3069] | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID WAKEFIELD, et al. | : | NO.  07-2064 |

**REPORT AND RECOMMENDATION**

M. FAITH ANGELL                                                                               September 27, 2007
UNITED STATES MAGISTRATE JUDGE

Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a prisoner challenging his state conviction.  Petitioner is currently incarcerated at the State Correctional Institution (SCI) in Huntingdon, Pennsylvania, where he is serving a life sentence for first degree murder.  For the reasons which follow, it is recommended that Mr. Grose's habeas claims be denied and dismissed for failure to exhaust state remedies.

**I.  BACKGROUND[1]**

Petitioner's eighty-year-old grandfather, Jackson Grose, was murdered by decapitation. Petitioner was seen entering the victim's house shortly before the murder and was apprehended several hours later wearing a shirt stained with his grandfather's blood.  *See* Response to Petition for Writ of Habeas Corpus[2] at 1.

On January 31, 2007, following a jury trial before the Honorable M. Teresa Sarmina of the

---

[1] In preparing this Report and Recommendation I have reviewed the following documents: Mr. Grose's §2254 petition and memorandum of law in support, the commonwealth's response, inclusive of all exhibits thereto; and Petitioner's Reply and Objection to the government's response.

The state court record is still in the custody of the state court.  In its absence, I will rely upon the facts as presented by the parties and supported by their exhibits, focusing on undisputed facts and noting areas of disagreement, if any.

[2] Hereinafter "Commonwealth's Response".

Court of Common Pleas of Philadelphia County, Petitioner was convicted of first degree murder. *See* Commonwealth's Response, Exhibit A. The court immediately thereafter sentenced Mr. Grose to life imprisonment. Petitioner filed a post-sentence motion on March 9, 2007, that was denied by operation of law on June 7, 2007. *Id.*

On July 17, 2007, Mr. Grose filed a notice of appeal from his judgment of sentence in the Superior Court of Pennsylvania. *See Commonwealth v. Grose*, No. 1688 EDA 2007 (Pa. Super.); Commonwealth's Response, Exhibit C. This appeal remains pending.[3]

On May 9, 2007, while his post-trial motion was still pending, Petitioner signed and dated the instant habeas petition, and it was filed in this Court on May 21, 2007.[4] Mr. Grose raises the following claims:

> A. Ground one: Conviction obtained by use of evidence gained pursuant to unconstitutional search and seizure (where the state has not provided a full and fair hearing on 4th Amendment).
>
> B. Ground two: Conviction obtained by use of evidence obtained pursuant to unlawful arrest (where the state has not provided full and fair hearing on 4th Amendment claim).

Petition at 9. The Commonwealth asserts the Mr. Grose's petition should be dismissed for failure to exhaust state remedies. *See* Commonwealth's Response at 1.

---

[3] Mr. Grose asserts that the "allegation" that he filed a direct appeal to the Pennsylvania Superior Court on July 17, 2007, is false. He avers that "court appointed counsel is fileing [*sic*] documents on behalf of my situation fraudulently and with out my consent. I never gave power of attorney to any one. I've also taken the liberty of writeing [*sic*] the superior court asking them to cancel any fraudulent documents filed on my behalf". He also states that "[t]he Commonwealth continues to try to deny me my 6th amendment right to represent myself as they did at trial". Petitioner's Reply and Objection to Respondents Response to Petition for Writ of Habeas Corpus at [2].

Nonetheless, a telephone call to the Prothonotary's Office of the Pennsylvania Superior Court this day reveals that Petitioner's direct appeal remains pending in that court.

[4] For the purposes of this Report and Recommendation, under the prison mailbox rule, I will accept the earlier date, May 9, 2007, as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

## II.  DISCUSSION

**A. Exhaustion**

   *1.  Legal Standards*

The exhaustion rule, codified in 28 U.S.C. §2254, generally requires a federal court to postpone habeas corpus jurisdiction until "the applicant has exhausted the remedies available in the courts of the State".  The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of state judicial proceedings.  *Rose v. Lundy*, 102 S.Ct. 1198, 1203 (1982); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

In order to demonstrate compliance with the exhaustion requirement, a habeas petitioner must show that each claim which forms the basis of his federal habeas petition has been "fairly presented" to the state courts.  *Castille*, 489 U.S. at 351 (1989) and *Picard v. Connor*, 404 U.S. 270, 275 (1971). Absent exceptional circumstances, the petitioner must first present all of his constitutional claims in the state system, through the highest state tribunal, before seeking relief in federal court.  *Picard*, 404 U.S. at 275 (1971) and *Swanger v. Zimmerman*, 750 F.2d 291 (3d Cir. 1984).  The burden is on the habeas petitioner to establish that he has fairly presented his federal constitutional claims (both facts and legal theory) to all levels of the state judicial system.  *Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002) (*quoting Evans v. Court of Common Pleas,* 959 F.2d 1227, 1231 (3d Cir. 1992), *cert. petition dismissed*, 506 U.S. 1089 (1993), "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts . . . and the same method of legal analysis must be available in the state court as will be employed in the federal court.").

A federal district court may not adjudicate a mixed petition for habeas corpus, that is, a

habeas petition containing both exhausted and unexhausted claims. The United States Supreme Court has imposed a "total exhaustion" requirement, directing the federal courts to effectuate this requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to the state courts in the first instance. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005).

In limited circumstances, a federal court may stay the habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the habeas petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court. *Id.* at 275-76. The "stay and abeyance" procedure is

> only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. [citation omitted]. Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. [. . .] Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. *See e.g., Zarvela*, 254 F.3d at 381 ('[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed'). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.

*Id.* at 277-78.

Where a petitioner presents a mixed habeas petition, and the district court determines that stay and abeyance is inappropriate, "the court should allow the petitioner to delete the unexhausted

claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *See id. [Lundy]*, at 520, 102 S.Ct. 1198 (plurality opinion) ('[A petitioner] can always amend the petition to delete the unexhausted claims, rather than return to state court to exhaust all of his claims')." *Id.* at 278.

   *2. Petitioner's Habeas Claims*

As Mr. Grose's claims are still pending in the Superior Court of Pennsylvania, his state court remedies are obviously not yet exhausted. Therefore, Petitioner's habeas petition is not properly before this Court. As Mr. Grose is still in the process of exhausting his state court remedies, this matter does not fall within the "limited circumstances" where stay and abeyance are appropriate. I recommend that the instant habeas petition be dismissed without prejudice for failure to exhaust.

### III.  RECOMMENDATION

Consistent with the above discussion, it is recommended that Petitioner's habeas application, pursuant to 28 U.S.C. §2254, be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

 S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE